FILED

2020 APR 21  AM 10: 32

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITES STATES DISTRICT COURT
MIDDLE DITRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No.: 8:2020cv 920T33 AEP

REAL PROPERTY LOCATED AT
6422 NORTH 81ST AVENUE, PINELLAS
PARK, FL, 33781; and

REAL PROPERTY LOCATED AT
5500 40TH STREET NORTH,
PINELLAS PARK, FL, 33714,

    Defendants.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America the following properties:

    a. The real property located at 6422 North 81st Avenue, Pinellas Park, Florida 33781, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

>	Lot 34, Block 23, LESS the Southerly 10 feet thereof for alley, AVON DALE, according to the Plat thereof, as recorded in Plat Book 12, Page 93, of the Public Records of Pinellas County, Florida.
>
>	Parcel ID: 29-30-16-01908-023-0340; and

>   b.  The real property located at 5500 40th Street North, Pinellas Park, Florida 33714, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
>	Lot 16, Block A, WEST BURNSIDE AT LEALMAN, according to the Plat thereof, as recorded in Plat Book 22, Page 91, of the Public Records of Pinellas County, Florida.
>
>	Parcel ID: 34-30-16-96156-001-0160.

(collectively, the Defendant Properties).

## VENUE AND JURISDICTION

2.	Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395, because the Defendant Properties are located within the district.

3.	The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

4. This Court has *in rem* jurisdiction over the Defendant Properties because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

5. Pursuant to Rule G(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 985(c)(2), a notice of this forfeiture, as well as a copy of the complaint, shall be posted on the pieces of real property and served on the owners of the real property. Thereafter, neither the issuance of a warrant *in rem* nor any other action will be necessary for the Court to establish *in rem* jurisdiction over the Defendant Properties. 18 U.S.C. § 985(c)(3).

## STATUTORY BASIS FOR FORFEITURE

6. Defendant Properties were purchased with the proceeds of violations of 21 U.S.C. §§ 841 and 846 and are, therefore, subject to civil forfeiture by the United States, pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all proceeds traceable to an exchange for a controlled substance in violation of the Controlled Substance Act.

## FACTS

7. Tom Wynne pled guilty in United States District Court for the Middle District of Florida, to conspiracy to commit tax evasion, tax evasion, and money laundering, in violation of 18 U.S.C. §§ 371, 1957, and 26 U.S.C. §

7201. *United States v. Wynne*, Case Number: 8:20-cr-38-T-23SPF, Doc 12.

Wynne executed a plea agreement, (Doc. 3), in which he admitted that the following facts are true:

    a. Wynne owned and operated Paint MGMT Corporation d/b/a Pain and Wellness Clinic ("PWC"), a pain management clinic in Pinellas County, Florida, from approximately January 2009 through May 2019;

    b. Wynne hired doctors to conduct medical services for patients, including writing controlled substance prescriptions for oxycodone, methadone, morphine, and hydromorphone for patients outside the usual course of professional practice;

    c. Wynne and the doctors agreed that the doctors would prescribe large quantities of such controlled substances to nearly all of the PWC patients;

    d. Most PWC patients were scheduled for recurring office visits every 28 days and screened for arrests;

    e. Wynne and the doctors conspired to write controlled substance prescriptions outside the usual course of professional practice; and

    f. Wynne and others diverted significant portions of the PWC cash receipts to multiple non-business and business bank accounts, including nominee accounts. Wynne used some of the diverted cash proceeds to purchase real properties in names other than his own. Specifically, Wynne used cash proceeds to purchase the Defendant Properties: 6422 N. 81st Avenue, Pinellas Park, Florida and 5500 40th Street North, Pinellas Park, Florida.

*Id.* at 23–26.

8. In his plea agreement, Wynne specifically admitted that he used proceeds obtained from distributing controlled substances outside the scope of professional practice and for no legitimate medical purpose, in violation of 21 U.S.C. § 846, to purchase the Defendant Properties. *Id.* at 13. He also consented to the civil forfeiture of the properties. *Id.*

A. **6422 North 81st Avenue**

9. On September 14, 2012, HIPPA Mental Health LLC purchased the 422 North 81st Avenue property for $35,000. Wynne is the registered agent of HIPPA Mental Health LLC.

10. On September 5, 2012, Wynne made a $2,500 payment towards the purchase of the 81st Avenue property using a check drawn on GTE Federal Credit Union account ending in 3079, which is in the name of Tom Wynne and Linda Tang. The check was made payable to "Corner Stone Title" and contained the notation "6422 81st Ave N escrow".

11. On September 13, 2012, Wynne sent an email to "Amber@CornerstoneTitle.biz" requesting to keep his name anonymous from the property records. Wynne requested that the property be put in the name of a land trust and LLC to conceal his identity "because of sue happy country".

12. At the closing, Wynne paid the remainder due with a $32,000 PNC Bank Cashier's Check made payable to "Cornerstone Title and S and S

LLC". The remitter of this check was Danh Nguyen Lai, Tom Wynne's sister, who purchased the check with funds from PNC Bank account ending in 2014. According to Lai and Wynne, all funds deposited into PNC Bank account ending in 2014 were proceeds from PWC that Lai picked up from PWC at Wynne's request. Wynne confirmed the funds used to purchase the 422 North 81st Avenue property were proceeds from Title 21 offenses.

**B.    5500 40th Street North**

13.    On February 27, 2013, HIPPA Mental Health, LLC purchased the 5500 40th Street North property for $57,000. Wynne is the registered agent of HIPPA Mental Health LLC. The closing agent was the Law Office of Jeffrey A. Sheer, P.A.

14.    The full purchase price was paid with a Cashier's Check. On February 26, 2013, Danh Lai made a $57,397.08 withdrawal from her Chase Bank account ending in 4231, and purchased a Cashier's Check ending in 4610, payable to the Law Office of Jeffrey A. Sheer. The remitter of the Cashier's Check was Danh Nguyen Lai. Approximately 83% of the funds deposited into Chase Bank account ending in 4231 was cash. Danh Lai admitted to investigators that all cash deposited to this account was business receipts from PWC that she picked up from PWC at Wynne's request, and that she maintained these funds in bank accounts in her name until Wynne

requested them for the purchase of properties. Wynne confirmed the statements from Lai and admitted the cashier's check was funded by the proceeds of his Title 21 offenses.

## CONCLUSION

As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), since the funds used to purchase the Defendant Properties were proceeds of the illegal distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Properties; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Properties be forfeited to the United States for disposition

according to law; and that the United States have such other and further relief as this case may require.

Dated: April 21, 2020

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: /s/ JESSICA N. REDER
Special Assistant United States Attorney
Florida Bar No. 103316
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Email: Jessica.reder@usdoj.gov

## VERIFICATION

I, Jennifer Jackson, hereby verify and declare under penalty of perjury, that I am a U.S. Drug Enforcement Administration Special Agent, and pursuant to 28 U.S.C. § 1746, I have read the foregoing Verified Complaint for Forfeiture in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other U.S. Drug Enforcement Administration Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of March, 2020.

*Jennifer Jackson*
Special Agent
U.S. Department of Homeland Security

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SAUSA Jessica Reder, U.S. Attorney's Office,
400 N. Tampa Street, Ste 3200, Tampa, FL 33602
(813) 274-6000

## DEFENDANTS
ASSETS IDENTIFIED IN PARAGRAPH ONE OF VERIFIED COMPLAINT

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)
Brief description of cause:
Government seeks forfeiture of two real properties.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/21/2020
SIGNATURE OF ATTORNEY OF RECORD: s/Jessica N. Reder

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____